**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN RAMOS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ROBERT MARSH, et al** | : | **NO. 19-cv-00666-MAK** |

## <u>MEMORANDUM OPINION</u>

**RICHARD A. LLORET**                                                    **May 18, 2020**
**U.S. MAGISTRATE JUDGE**

On February 14, 2019 the plaintiff, John Ramos, filed a timely petition under 28 U.S.C. § 2254 seeking a writ of habeas corpus. ECF No. 1 (the "Petition," or "Pet."). The matter has been referred to me for a report and recommendation. ECF No. 4. The Commonwealth has filed a response. ECF No. 14 ("Def. Resp."). Mr. Ramos was convicted by a jury in 2006 of rape and a variety of other charges arising from Mr. Ramos' pattern of sexual assaults against the minor daughter of Mr. Ramos' long-time cohabitant. ECF No. 1, at 3; [1] 14-4 at 1-4 (PCRA[2] opinion of Judge Geroff dated January 11, 2017). He was sentenced to 20-40 years in prison in 2007. *Id.* His direct appeal and subsequent PCRA petition were denied, and his federal habeas petition followed, in 2019. ECF 14-4 at 2-4; ECF 1 at 1.

As I explain, plaintiff's claims have all been procedurally defaulted by his failure to fairly present them and preserve them through one full round of state proceedings. Nevertheless, liberally construed, Mr. Ramos' Petition asserts grounds for excusing the

---

[1] I will use the page references assigned by the ECF program when referring to the Petition, as it is less confusing.
[2] Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*,

procedural default of his claim that trial counsel was ineffective for failing to object to a jury instruction on reasonable doubt. The excuse is that his attorney at the initial-review level of his PCRA petition failed to adequately litigate the ineffectiveness of his trial counsel. The ineffectiveness of PCRA counsel may excuse the procedural default of a substantial claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 17 (2012). Mr. Ramos' underlying claim of trial counsel's ineffectiveness may have "some merit," *Workman v. Sup't SCI Albion*, 915 F.3d 928, 937 (3d Cir. 2019), because a similar instruction by the same trial judge was held to violate the Fourteenth Amendment's Due Process clause in *Brooks v. Gilmore*, 2017 WL 3475475, at *3 (E.D.Pa. 2017).

I will appoint counsel to represent Mr. Ramos in this proceeding, direct counsel to file a reply to the Commonwealth's response, addressing the *Martinez* issue and others identified in this opinion, and will permit the Commonwealth to file a supplemental response to the Petitioner's reply.

## FACTUAL AND PROCEDURAL HISTORY

The bleak facts of the case were summarized by Judge Geroff in his opinion denying relief under the PCRA:

> In 1999 [Ramos], while residing in San Diego, began a relationship with M.E ... [Ramos] and M.E. moved in together along with M.E.'s minor children, Z.C., and her two sisters. One afternoon while M.E. was out of the house, [Ramos] began to touch Z.C. inappropriately. Immediately following that incident, Z.C. told her mother that [Ramos] touched her. Although confronted by M.E., [Ramos] denied any inappropriate contact with Z.C. Thereafter, [Ramos] threatened Z.C. and told her not to say anything to her mother about the continued touching. Z.C. feared [Ramos] and did not want to be left alone with

him. Despite Z.C.'s complaints to her mother, [Ramos] continued to live with M.E. and the young girls, and to spend unsupervised time with the children.

Following their stay in San Diego, [Ramos] and M.E. moved frequently with the girls. They resided in Los Angeles, Nebraska and Iowa before finally relocating to Philadelphia. [Ramos] continued his pattern of sexual abuse against Z.C. ...

In Philadelphia, M.E., [Ramos], and the girls went to live with [Ramos'] mother. After a short time, [Ramos] and M.E. moved the girls to two different houses in the city and county of Philadelphia. [Ramos] worked during the day and M.E. worked nights, leaving Z.C. at home with [Ramos]. [Ramos] would enter Z.C.'s bedroom and penetrate her by putting his private parts into [hers] ....

While in Philadelphia, [Ramos] worked at an auto garage owned by J.W. and R.W .... [Ramos] became close with the couple, and would bring Z.C. along with her sisters to see "J.W. and R.W." at the garage. On Z.C.'s tenth birthday, M.E. was deported to Honduras. Z.C. and her sisters were sent to live with an aunt in New York, but later returned to Philadelphia to live with [Ramos]. In Philadelphia, Z.C. told R.W. that [Ramos] would touch and sexually abuse her. R.W. took Z.C. to Philadelphia Children's Alliance [,] which investigated. Following Z.C.' s interviews, detectives from the SVU unit questioned [Ramos]. An arrest warrant was issued, and [Ramos] was taken into custody.

*Commonwealth v. Ramos,* CP-51-CR-1001391-2005 (Com. Pl. 2017) (ECF 14-4, at 1-2, n.1 ).[3]

Mr. Ramos' direct appeal was denied by the Superior Court. *Com. v. Ramos*, 2233 EDA 2007, 963 A.2d 70 (Pa. Super 2008) (attached as ECF 14-1). The Supreme Court of Pennsylvania denied Mr. Ramos' appeal in 2009. *Com. v. Ramos*, 600 Pa. 755

---

[3] Judge Geroff's opinion quotes from earlier opinions, cited to as follows: "*Commonwealth v. Ramos,* No. 2233 EDA 2007, slip op. at 1-3 (Pa. Super. Sep. 22, 2008) (quoting Trial Court Opinion, 12/20/2007, at 1-3) (some footnotes omitted; some names redacted for confidentiality; minor punctuation modifications made for clarity). *Commonwealth v. Ramos,* No. 308 EDA 2013, slip op. at 2-3 (Pa. Super. May 2, 2014) (footnote omitted)."

(Pa. 2009); *see* ECF 14-4, at 2-3. Mr. Ramos filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, in 2009. *Id.* at 3. Mr. Ramos was appointed counsel, David Rudenstein, who filed an amended PCRA petition, which was denied by the Court of Common Pleas in 2012. *Id.* at 3. In 2014 the Superior Court remanded for a *Grazier* hearing[5] to determine if Petitioner desired to represent himself. *Id.* at 4. The Superior Court also directed the Court of Common Pleas to address whether PCRA counsel should have raised trial counsel's alleged ineffectiveness for failing to object to the introduction of a child services report into evidence. *Id.* Following a *Grazier* hearing, Mr. Ramos elected to be represented by new PCRA counsel, who filed four amended PCRA petitions on Mr. Ramos' behalf. *Id.* at 4.

Mr. Ramos raised four issues in his Fourth Amended PCRA Petition: trial counsel's 1) failure to call witnesses, 2) failure to object to the introduction of a victim interview into evidence, and 3) failure to object to the sentence as illegal at sentencing and on appeal; and 4) original PCRA counsel's failure to properly raise the same issues in the Amended PCRA Petition and on appeal. *Id.* at 8. The Court of Common Pleas reviewed and rejected Mr. Ramos' PCRA claims and dismissed his petition as lacking merit. *Id.* at 4. Mr. Ramos' PCRA counsel filed a notice of appeal, and the Court of Common Pleas issued a 20-page opinion explaining the dismissal. *Id.*

The Superior Court affirmed the denial of PCRA relief. *See Com. v. Ramos*, No. 1016 EDA 2016, 2018 WL 2227945 (Pa. Super. 2018) (ECF 14-3). The only issue raised in Mr. Ramos' brief on PCRA appeal was whether trial counsel was ineffective in failing to object to an allegedly defective jury instruction on reasonable doubt. *Id.* But this issue

---

[5] *See Com. v. Grazier,* 713 A.2d 81 (1998).

was not raised in Mr. Ramos' Rule 1925(b) statement of issues on appeal,[6] and therefore was waived as a matter of Pennsylvania law. *Id.* at 5.

The Supreme Court of Pennsylvania denied Mr. Ramos' petition for leave to appeal in November of 2018. *Com. v. Ramos*, 197 A.3d 1174 (Table) (Pa.  2018). Ramos' federal habeas petition followed. He seeks a new trial or immediate release from custody. ECF 1 at 17.

## STANDARD OF REVIEW

Before a federal court may grant a habeas petition to a person in custody from a state court judgment, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioners to have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This means that the petitioner must have fairly presented his constitutional claims "in one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A federal claim is fairly presented to the state courts when the petitioner has raised "the same factual and legal basis for the claim to the state courts." *Nara v. Frank*, 488 F.3d 188, 197–98 (3d Cir. 2007).

If a petitioner fairly presents a claim to the state courts but it was denied on a state-law ground that is "independent of the federal questions and adequate to support the judgment," then the claim is procedurally defaulted. *Coleman v. Thompson*, 501

---

[6] As the Superior Court explained, counsel's statement under Pennsylvania Rule of Appellate Procedure 1925(b) alleged that the PCRA court erred by dismissing his claim without an evidentiary hearing where he could have proven, among other causes for relief, the failure of trial counsel to object to a jury instruction on character evidence. ECF 14-3 at 5 n.2. Mr. Ramos' *pro se* Rule 1925(b) statement raised three claims, 1) trial counsel's failure to object to the introduction of a witness statement in violation of the Confrontation Clause, 2) PCRA counsel's failure to include in the Amended PCRA Petition the Confrontation Clause issue and  trial counsel's ineffective lack of objection to the Confrontation Clause issue, and 3) error by the PCRA court for failing to give him an *in camera* evidentiary hearing and failure to properly dispose of his *pro se* claim of ineffectiveness of PCRA counsel. *Id.*

U.S. 722, 729 (1991). A claim is also procedurally defaulted if the petitioner failed to present it in the state court and would now be barred from doing so under state procedural rules. *McCandless v. Vaughn*, 172 F.3d 255, 263 (3d Cir. 1999). Procedurally defaulted claims cannot provide a basis for federal habeas relief unless the petitioner shows "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Where a federal court reviews a claim that has been adjudicated on the merits by the state court, the AEDPA permits the federal court to grant a petition for habeas relief only if: (1) the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)– (2); *see also Parker v. Matthews*, 567 U.S. 37, 42–45 (2012) (reiterating that the standard under § 2254(d)(1) is highly deferential to state court decisions, and overturning a Sixth Circuit decision granting habeas relief because the state court's decision denying relief was not objectively unreasonable). Factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Simmons v. Beard*, 590 F.3d 223, 231 (3d Cir. 2009) (citing to 28 U.S.C. § 2254(e)(1)).

The Supreme Court has explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case

differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).

Under "the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. The Third Circuit has noted that "an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000) (citing to *Williams*, 529 U.S. at 411).

To prevail on ineffective assistance of counsel claims, the Petitioner "must show counsel's performance was deficient," that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffectiveness may be shown by evidence of "ineptitude, inexperience, lack of preparation, [or] unfamiliarity with basic legal principles" on the part of counsel. *See Gov't of Virgin Islands v. Weatherwax*, 20 F.3d 572, 579 (3d Cir. 1994). The Petitioner also must demonstrate that he was prejudiced by the deficient performance to the point of being deprived of a fair trial. *Strickland,* 466 U.S. at 687. To establish this, the Petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id.* at 694. Absent establishing these two prongs, "it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable. *Id.* at 687.

Prejudice is proven if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Consequently, counsel cannot be found to be ineffective for failing to pursue a meritless claim. *See United States v. Bui*, 795 F.3d 363, 366-67 (3d Cir. 2015) ("'[T]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.'" (quoting *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999))). A reviewing court "may address the prejudice prong first '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice.'" *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014) (quoting *Strickland*, 466 U.S. at 697).

In the habeas context, establishing ineffective assistance of counsel is challenging. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted). When section 2254(d) applies, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

## DISCUSSION

Mr. Ramos advances four claims in his petition:

- (1) a four-part ineffective assistance of trial counsel claim, founded on counsel's failure to a) object to the introduction into evidence of the pre-trial statement of the minor victim, who also testified at trial; b) object to an instruction on reasonable doubt; c) call witnesses in favor of the defense; d) interview potential witnesses and the family of the defendant. Pet. at 7.

- (2) his right to confront the victim (his "accuser") under the Sixth Amendment to the Constitution was denied, as well as his right to "cross-examine the testimony of Jackie Block." *Id.* at 9.

- (3) his right under the Sixth Amendment to call witnesses favorable to the defense was violated because none of four available witnesses was called to testify, nor were character witnesses called, nor was an expert witness called. *Id.* at 11.

- (4) the trial judge gave an improper jury instruction on reasonable doubt. *Id.* at 12-13.

The Commonwealth argues that all of these claims are procedurally defaulted and without merit. Def. Resp. at 11. I agree that all have been procedurally defaulted, and I agree that most of them are without merit. As to Mr. Ramos' complaint that his trial counsel was ineffective for failing to object to a jury instruction on reasonable doubt, I will withhold decision until I receive additional briefing on the issue whether his procedural default should be excused, and whether his underlying ineffectiveness of trial counsel claim should be upheld.

   A. *The introduction of the victim's pre-trial statement at trial, and counsel's failure to object to its introduction, were not fully litigated in state court and are therefore unexhausted and procedurally defaulted.*

At trial the minor victim testified at length. Trial Transcript ("Tr.") 12/4/06 at 153-238; Tr. 12/5/06 at 4-86. Her pre-trial statement to a social worker was introduced into evidence to rehabilitate the witness, and as a prior consistent statement, both of which are exceptions to the hearsay rule under Pennsylvania law. ECF 14-4 at 13-16 (PCRA Opinion). Defense counsel did not object to the statement's introduction, but rather sought to take advantage of inconsistencies between the statement and the victim's trial testimony. *Id.*

In the PCRA court, Mr. Ramos argued that the victim's pre-trial statement was hearsay, and should not have been introduced into evidence. *Id.* at 8. Mr. Ramos also argued that counsel was ineffective for failing to object on grounds that the pre-trial statement should have been excluded as inadmissible hearsay. *Id.* The PCRA court found the claims meritless. *Id.* at 13-16. Mr. Ramos did not argue these claims on PCRA appeal to the Superior Court. Only one issue was argued in his counseled appeal brief, a claim that counsel was ineffective for failing to object to the court's jury instruction on reasonable doubt. *See Com. v. Ramos*, No. 1016 EDA 2016, 2018 WL 2227945 (Pa. Super. 2018) (ECF 14-3 at 4-5).

The AEDPA requires a petitioner to have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To do so, Mr. Ramos must have litigated the issue "in one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845. To accomplish this he had to raise "the same factual and legal basis for the claim to the state courts." *Nara*, 488 F.3d at 197–98.

In *Duncan v. Henry*, 513 U.S. 364, 364-66 (1995) (*per curiam*) the Supreme Court explained that when a federal Constitutional issue is not explicitly presented to a state court, it is "fairly presented" only when both the legal standard, argued under state

law, and the facts forming the context of the state and federal issues, are identical. Where, as in *Duncan*, a petitioner raised a state legal standard that was not "virtually identical" to the federal Constitutional standard, the issue has not been "fairly presented" to the state court. *Id.* "Respondent did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law but denied him the due process of law guaranteed by the Fourteenth Amendment." *Id.* "[M]ere similarity of claims is insufficient to exhaust." *Id.* at 366. For instance, raising a claim that evidence was admitted in violation of state evidentiary standards does not fairly present a claim that the evidence was admitted in violation of the U.S. Constitution. *See McCandless*, 172 F.3d at 262 (state double hearsay claim did not "fairly present" a Constitutional issue).

This requirement attaches to ineffectiveness claims, which present an added complication. An ineffectiveness of counsel claim typically consists of two components: a claim of underlying legal error and a claim that counsel should have done more to avoid or remedy the error. *Both* components must be legally and factually the same in the PCRA proceeding and the habeas proceeding, or the issue has not been "fairly presented" to the state court. *See Gibson v. Scheidemantel*, 805 F.2d 135, 138–39 (3d Cir. 1986) (a general claim of ineffectiveness did not suffice to fairly present different sets of underlying facts constituting ineffectiveness).

Here, Mr. Ramos did not argue a Confrontation Clause basis for ineffective assistance of counsel to the PCRA court.[7] His argument was that counsel did not object

---

[7] As for the ineffectiveness claim he did raise to the PCRA court (but not on appeal), it was predicated on an error of state hearsay law, not a Constitutional claim of error. Even if the claim were not procedurally defaulted (it is), habeas is not an avenue for correcting an erroneous application of state law by a state court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (Internal quotations and citations

to the witness statement on state law hearsay grounds. The standard under the Confrontation Clause is not the same as hearsay. That is the point of *Crawford v. Washington*, 541 U.S. 36 (2004), which rejected a Confrontation Clause standard that incorporated hearsay definitions and exceptions. The consequence of this difference between Confrontation Clause and hearsay standards is that Mr. Ramos did not fairly present his habeas claim, based on a supposed Confrontation Clause error, even in the PCRA court, where his claim was based on ineffectiveness for failing to raise a hearsay objection.

On appeal to the Superior Court, Mr. Ramos did not raise any version of this ineffectiveness claim, whether predicated on the failure to object to a hearsay error or to a Confrontation Clause error.  His claim is therefore unexhausted and procedurally defaulted, since the time for pursuing the issue in state court has long passed. *McCandless*, 172 F.3d at 263. Nor has Mr. Ramos shown "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[d] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750 (bracketed insertion included for tense). His claim is procedurally defaulted and barred.

Were I to pass the procedural bar, I would find that the PCRA court's determination that Mr. Ramos' claim was meritless was a reasonable application of

---

omitted). *Estelle's* doctrine bars not only a claim objecting to an error under state law, but also a claim that counsel was ineffective for failing to raise a state law objection to the error, because the Pennsylvania court squarely ruled that there was no state hearsay error. *See Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2004) (state court's approval of a jury instruction, as a matter of state law, barred a *Strickland* claim that counsel was ineffective for failing to object to the instruction). The PCRA court's determination that there was no underlying hearsay error was based on state law. The Petitioner's claim of ineffective assistance, based on a supposed failure to object to a violation of state law, is not cognizable, under *Estelle* and *Priester*.

Supreme Court precedent. ECF 14-4 at 13-16 (PCRA opinion). Mr. Ramos argued to the PCRA court that counsel was ineffective because the statement should have been excluded as hearsay, under Pennsylvania evidence law. *Id.* Judge Geroff's opinion explained that it was not error to introduce the statement into evidence, under Pennsylvania hearsay standards, and therefore counsel was not ineffective for failing to object. *Id.* Judge Geroff also explained that counsel did not object to the introduction of the statement because of his strategy to make use of the inconsistencies between the pre-trial statement and the victim's trial testimony to cast doubt on the accuracy of the victim's testimony. *Id.* As the final opinion of the state court to deal with the merits of Mr. Ramos' claim,[8] Judge Geroff's opinion is entitled to deference under the AEDPA. Because the opinion was a reasonable application of *Strickland*, the relevant Supreme Court precedent, it must be upheld. 28 U.S.C. § 2254(d)(1); *Werts*, 228 F.3d at 196 ("a federal habeas court may not grant relief unless that court determines that a state court's . . . application of clearly established federal law was . . . unreasonable."). Not only do I find that Judge Geroff's application of clearly established federal law was reasonable, under 28 U.S.C. § 2254(d)(1), if I were to review this claim *de novo* I would come to the same conclusion. Mr. Ramos' claim is meritless.

For the similar reasons, counsel was not ineffective for failing to object based on the Confrontation Clause.[9] There was no Confrontation Clause violation as to the minor

---

[8] When applying the AEDPA's deferential standard of review, a habeas court must "look through" higher state courts' unexplained decisions to the last opinion that supplied a rationale for decision and make a rebuttable presumption that higher courts adopted this rationale. *Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018).

[9] Judge Geroff's PCRA opinion did not address the Confrontation Clause theory because Mr. Ramos never mentioned it.

witness, because the minor witness testified at trial and was available for confrontation. *Crawford*, 541 U.S. at 59 n.9; Tr. 12/4/06 at 153-238, 12/5/06 at 4-86.

Mr. Ramos also alleges that the social worker (Jackie Black) who took the statement should have been made available for confrontation, and that counsel was ineffective for failing to call the witness. Pet. at 9, 20, 45-49. As for the confrontation portion of the claim, it is frivolous. Detective Thomas, who sat in on the entire interview with the minor victim, testified at trial about the prior statement by the minor, which was the substance of the material put into evidence through Ms. Block's report. Tr. 12/5/06 at 189-218. The six pages of the report consisting of the question and answer session with the minor victim was introduced into evidence by the Commonwealth through the Detective. Tr. at 197- 98. The detective was cross-examined at length by defense counsel concerning the interview. Tr. 12/5/6 at 222-245. Thus, the authenticating witness, who could testify from his own observation to the conversation between the minor victim and the social worker, was available for cross-examination. The Confrontation Clause does not require the Commonwealth to put everyone who was a witness to a pre-trial event on the stand. One first-hand observer suffices. The question whether Mr. Ramos was entitled to call the social worker as his own witness is a separate issue, dealt with later. The confrontation claim regarding Ms. Block is meritless, in addition to being unexhausted and procedurally defaulted.

In addition, counsel's strategy was to use the pre-trial statement to cast doubt on the victim's trial testimony. ECF 14-4 at 13-16 (PCRA opinion). Mr. Ramos has supplied no reason to suspect the decision was undercut by a failure to investigate reasonable alternatives, so the strategic decision is "virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Mr. Ramos' claim is not only procedurally barred, it is meritless.

### B.  Mr. Ramos' claim that he was denied his Sixth Amendment right to call witnesses through his counsel's ineffectiveness is procedurally defaulted.

Mr. Ramos claims he was denied his right to call witnesses at trial because of his trial counsel's ineffectiveness in failing to call witnesses. Mr. Ramos raised these issues, eventually, during the PCRA proceeding, but failed to meet his burden to demonstrate that the absence of these witnesses prejudiced him at trial. The PCRA court ruled that he had failed to demonstrate that these witnesses were "willing and able" to testify on Mr. Ramos' behalf, or that the absence of their testimony prejudiced the defendant. ECF 14-4 at 11-13. Mr. Ramos did not "fairly present" these issues through "one complete round of the State's established appellate review process[,]" *O'Sullivan*, 526 U.S. at 845, by raising "the same factual and legal basis for the claim to the state courts." *Nara*, 488 F.3d at 197–98. The claims are therefore unexhausted and procedurally barred.

Were I to ignore the procedural bar and review the claims under the AEDPA, I would find that Judge Geroff's analysis was a reasonable application of relevant Supreme Court precedent, and therefore entitled to deference on habeas review. *See* ECF 14-4, at 11-13; 28 U.S.C. § 2254(d)(1). Judge Geroff explained that one of Mr. Ramos' supposed witnesses (the victim's mother) was unavailable, having been deported to Honduras. ECF 14-4 at 12. Another witness (the victims' sister) was herself the victim of inappropriate sexual contact by Mr. Ramos; the trial court explained to Mr. Ramos that if he called the sister, this relationship would also come into evidence. *Id.* Mr. Ramos' attorney "wisely avoided" calling this witness. *Id.* Mr. Ramos' supposed alibi witness testimony – that Mr. Ramos was "out of state" at the time of the sexual assaults – was so vague and improbable that it would not have served to preclude him from

having committed the offenses. *Id.* at 12. In addition, Mr. Ramos asserted during a colloquy at the trial that he had no further witnesses, making his claim of other witnesses highly suspect. *Id.*

Mr. Ramos claims in his habeas, although he did not raise the issue in the state proceedings, that his trial counsel was ineffective for failing to call the social worker, Jackie Block, who interviewed the minor victim. Pet. at 45-49. Mr. Ramos claims his counsel should have introduced the social worker's opinions regarding the minor victim's motives. *Id.* The claim is procedurally defaulted because Mr. Ramos failed to present it in the state court and would now be barred from doing so under state procedural rules. *McCandless*, 172 F.3d at 263. Mr. Ramos has neither alleged nor shown cause or prejudice to excuse the procedural default. His claim is barred.

If I were to excuse the default and examine the claim on the merits, I would find that the trial judge properly excluded the social worker as duplicative. Mr. Ramos' trial counsel wisely declined to call Jackie Block to voice her opinions, Tr. at 303 ("I wouldn't be asking her opinions"), and the trial judge declined to call the social worker to go over the same ground (the minor's statement) that had been gone over at length with the detective.[10] Tr. at 303-305. The prosecutor offered to stipulate to admission of the rest of Ms. Block's report; counsel wisely refused. The social worker's opinion about the minor's credibility would not have helped Mr. Ramos at trial: "[The minor] appeared credible and provided many sensory details regarding her experiences." Pet. at 52 (page 14 of Ms. Block's report). Mr. Ramos' claim is procedurally defaulted because it was not

---

[10] "[W]e have stated that the Constitution permits judges "to exclude evidence that is 'repetitive ..., only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'" *Crane,* 476 U.S., at 689–690, (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679, (1986); ellipsis and brackets in original)." *Holmes v. South Carolina,* 547 U.S. 319, 326–27 (2006) (citations omitted).

raised in state court and is now procedurally barred. It is also meritless, because it fails to satisfy either prong of *Strickland*: the trial attorney did not violate any standard of practice by refusing to call the social worker to express her opinions, and there was no prejudice from failing to do so.

> C. *Mr. Ramos' claims that the trial court supplied an improper jury instruction on reasonable doubt, and that his counsel was ineffective for objecting to the instruction, are procedurally defaulted. Because Mr. Ramos may have pled sufficient grounds to excuse this procedural bar, I will direct additional briefing.*

Mr. Ramos' final claim is that his trial counsel was ineffective for failing to object to a jury instruction concerning reasonable doubt. The trial court's reasonable doubt instruction was as follows:

> A defendant is presumed to remain innocent throughout the proceeding until and unless, based upon a careful and impartial consideration of the evidence you decide that the Commonwealth has proven John Ramos guilty beyond a reasonable doubt of the charges that are brought against him.

> Now, ladies and gentlemen, it is not the defendant's burden to prove that he is not guilty. The Commonwealth always bears the burden of proving each and every element of the crimes charged and that the defendant is guilty of those crimes beyond a reasonable doubt.
> . . .

> If after examining all of the evidence presented in the case it fails to meet the Commonwealth's burden, then your verdict must be not guilty. But on the other hand, if after a careful and impartial examination of all of the evidence in the proceeding it does draw you to the conclusion beyond a reasonable doubt that the defendant John Ramos is guilty of the crimes charged, then your verdict should be guilty.

17

Ladies and gentlemen, this burden that the Commonwealth bears, the Commonwealth has the burden of proving John Ramos guilty beyond a reasonable doubt. But this does not mean that the Commonwealth must prove its case beyond all doubt, nor is the Commonwealth required to prove its case to a mathematical certainty. The Commonwealth is not required to demonstrate the impossibility of innocence. The Commonwealth's burden is a reasonable doubt.

Now a reasonable doubt is the kind of doubt that would cause a reasonably careful and sensible person to pause, to hesitate or to refrain from acting on a matter of their own affairs, a matter of their own interests, something very important.

A reasonable doubt must fairly arise out of the evidence that was presented or out of the lack of evidence presented with respect to some element of each of the crimes charged.

Ladies and gentlemen, I find it helpful to think about reasonable doubt in this way. Now, I was blessed to have the opportunity to talk with each one of you. Each one of you has someone in your life that you love dearly, a child, a parent, a grandchild, a spouse, a significant other, a sibling. Each one of you loves somebody very much.

Think about that precious one. If you were advised that your loved one had a life-threatening illness and that the only appropriate treatment for this life-threatening illness was surgery, very likely if you are like me you're going to ask for a second opinion. You're going to ask for a third opinion. You're probably going to talk to everybody that you know in the medical community. What do you know about this condition? What do you know about the surgical protocol? How often does it work when it does? You're going to research everything. You'll probably even go on the Internet. You're going to find every bit of evidence that you can find about this.

But at some point the question will be called. If you decide to go forward, it is not because you have moved beyond all doubt. There is no guaranty that this protocol will cure your loved one. If you go forward, it is because you have moved beyond all reasonable doubt.

A reasonable doubt must be a real doubt. It may not be a doubt that is imagined or one that is manufactured to avoid carrying out unpleasant responsibility. You may not find a defendant guilty based upon a mere suspicion of guilt. The Commonwealth bears its burden of proving the defendant guilty beyond a reasonable doubt. But if the Commonwealth has met that burden, then John Ramos is no longer presumed to be innocent and you should find him guilty. On the other hand, if the Commonwealth has not met its burden, then you must find him not guilty.

Tr. 12/7/06 at 204-209.

Mr. Ramos did not raise a claim that the trial court's jury instruction on reasonable doubt was improper, either at trial or on direct appeal. *Com. v. Ramos*, 2233 EDA 2007, 963 A.2d 70 (Pa. Super 2008) (attached as ECF 14-1). Mr. Ramos did not raise such a claim during the PCRA proceeding, nor did he claim that his attorney was ineffective for failing to object to or appeal his jury instruction claim, and so the claims that the instruction was erroneous, and that counsel was ineffective for failing to object to the instruction, are procedurally barred because they were not fairly presented to the state court.

On PCRA appeal, the Superior Court noted that Mr. Ramos argued, in his brief, that the trial court's instruction on reasonable doubt was defective. *Com. v. Ramos*, No. 1016 EDA 2016, 2018 WL 2227945 (Pa. Super. 2018) (ECF 14-3 at 4). But this issue was

not raised in Mr. Ramos' Rule 1925(b) statement of issues on appeal,[11] and therefore was waived as a matter of Pennsylvania law. *Id.* at 5.

A claim that is denied on a state-law ground that is "independent of the federal questions and adequate to support the judgment," is procedurally defaulted. *Coleman,* 501 U.S. at 729. Procedurally defaulted claims cannot provide a basis for federal habeas relief unless the petitioner shows "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Pennsylvania Rule of Appellate Procedure 1925(a) requires that once a notice of appeal is filed, a trial judge must prepare an opinion explaining the reasons for the trial judge's rulings or order. Pa. R.A.P. 1925(b) permits a trial judge to enter an order requiring the appellant to file a statement that concisely identifies each error the appellant intends to present on appeal. The two rules serve to permit the trial judge to efficiently address claims of error, so that the appellate court can exercise meaningful review. *Com. v. Lemon*, 804 A.2d 34, 36–37 (Pa. Super. 2002) ("The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review."); *Com. v. Dowling,* 778 A.2d 683, 686 (Pa.Super. 2001) ("When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review.").

Failure to mention an issue in the 1925(b) statement constitutes waiver of the issue on appeal. Pa. R.A.P. 1925(b)(4)(vii); *Com. v. Lord,* 719 A.2d 306 (1998) (issues

---

[11] The counseled Rule 1925(b) statement alleged that the PCRA court erred by dismissing his claim without an evidentiary hearing, and that at the evidentiary hearing Mr. Ramos could have proven the ineffectiveness of trial counsel through his failure to object to an instruction on the importance and relevance of character evidence. ECF 14-3 at 5 n.2. Mr. Ramos' *pro se* Rule 1925(b) statement raised three claims, none of which concerned the jury instruction.

not included in a Pa.R.A.P.1925(b) statement are deemed waived on appeal). Federal district courts in this district have regularly held that waiver of an issue for failure to comply with Pa.R.A.P. 1925(b) is an independent and adequate state ground of decision that bars habeas review under *Coleman. See Brown v. Bickell*, 2015 WL 1874220, at \*25 (E.D.Pa. 2015) (citing cases). A panel of the Third Circuit has said the same thing. *Buck v. Colleran,* 115 F. App'x. 526, 528 (3d Cir. 2004) (not precedential).

In this case the issue went completely missing from the Pa.R.A.P. 1925(b) statement, and first showed up in a motion filed by Mr. Ramos' PCRA appellate attorney to remand the case from Superior Court for the purpose of filing an additional Rule 1925(b) statement to include the argument.[12] The PCRA court's careful opinion makes no mention at all of the jury instruction issue. ECF 14-4. My independent examination of the Pa.R.A.P. 1925(b) statements, *pro se* and counseled, confirms that they did not suggest there was anything wrong with the trial judge's instruction on reasonable doubt. ECF 14-5.

This is not a case in which the 1925(b) statement raised the issue "within the context of a broader argument regarding the trial court's jury instructions," permitting a finding that the Rule 1925(b) statement sufficed to identify the claim for the PCRA judge. *Rolan v. Coleman*, 680 F.3d 311, 318 (3d Cir. 2012). Mr. Ramos did not "substantially, if imperfectly," comply with the requirements of Rule 1925(b). *Lee v.*

---

[12] On February 14, 2017, a little more than one month after Judge Geroff's January 11, 2017 PCRA opinion, Mr. Ramos was appointed a new attorney to represent him on the PCRA appeal, Michael P. Marryshow, Esq. Pet. at 34. On August 21, 2017 Mr. Marryshow moved in the Superior Court for a remand to file a Rule 1925(b) statement that would include the issue of the allegedly defective jury instruction on reasonable doubt. Pet. 34-35, 37. The motion was filed 10 days after the *Brooks* opinion was published in Westlaw on August 11, 2017. 2017 WL 3475475 \*1. The record available to me does not make clear whether the Superior Court denied the motion, but it is apparent from the Superior Court's opinion that it considered only the Rule 1925(b) statements filed by Mr. Rudenstein and Mr. Ramos.

*Kemna*, 534 U.S. 362, 366–67 (2002) (quoted in *Rolan*, 680 F.3d at 318). This was a complete non-compliance with Rule 1925(b) that deprived the state PCRA judge of the opportunity to address the issue and deprived the state Superior Court of the benefit of the trial judge's opinion. This is an "[o]rdinar[y]" case in which "violation of firmly established and regularly followed state rules ... will be adequate to foreclose review of a federal claim." *Rolan*, 680 F.3d at 317 (quoting *Lee*, 534 U.S. at 376 (internal quotation marks and citations omitted)). It is not an "exceptional case[] in which exorbitant application of a generally sound rule renders the state ground inadequate[.]" *Id.* Absent an excuse recognized under *Coleman*, Mr. Ramos' procedural default of the issue is the end of the matter.

To excuse procedural default, a petitioner must show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[] that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 750. The ineffectiveness of PCRA counsel may excuse the procedural default of a substantial claim of ineffective assistance of trial counsel, when state law, as in Pennsylvania, requires the claim to be raised initially in a collateral proceeding. *See Martinez*, 566 U.S. at 17. To qualify under *Martinez* for an exception to the normal rule of procedural default under *Coleman* a petitioner must show 1) that his ineffective assistance of trial counsel claim has "some merit," and 2) his state initial-review post-conviction counsel was ineffective under *Strickland* for failing to present or properly preserve the issue. *Workman v. Sup't SCI Albion*, 915 F.3d 928, 937 (3d Cir. 2019) (citing *Martinez*, 566 U.S. at 14). *See Norris v. Brooks,* 794 F.3d 401, 405 (3d Cir. 2015) (emphasis added) (citing *Martinez*, 566 U.S. at 10-11, 16) (holding that

*Martinez* exception to *Coleman* applies only to attorney error during initial-review collateral proceedings, not during appeals).

Mr. Ramos does not cite to *Martinez* in his Petition or in its diffuse and scatter-shot attachments, but he does claim that his trial counsel was ineffective for failing to object to the improper jury instruction, and that his PCRA initial-review counsel, Mr. Rudenstein, was ineffective "for not citing case law for the issue on improper jury instruction." Pet. at 20, ¶ 9. I must give a "liberal construction" to a petition prepared by a *pro se* prisoner. *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (internal quotations and citation omitted). Doing so here, it appears that Mr. Ramos has claimed that his trial counsel was ineffective for failing to object to the jury instruction, and that his PCRA initial-review counsel failed to adequately litigate the issue.[13] It also appears that Mr. Ramos' ineffective assistance of trial counsel claim has "some merit." *Workman*, 915 F.3d at 937. A similar instruction by the same trial judge was held to violate Due Process in *Brooks*, 2017 WL 3475475, at *3. Mr. Ramos has attached portions of the *Brooks* opinion to his Petition. Pet. at 36, 40-43.

In some habeas cases since *Brooks*, the Commonwealth has elected to concede error when confronted with a similar instruction. The Commonwealth understandably did not address the instructional error in its brief, electing to rely on the procedural default of the issue on PCRA appeal, because the *Martinez* claim was not raised clearly on the face of the Petition, but elliptically, deep in the attachments to the Petition. To ensure the issues are fully aired, I will appoint counsel to represent Mr. Ramos, and permit counsel to file a reply to the Commonwealth's response, in which counsel will

---

[13] Mr. Rudenstein did not raise the issue in the Rule 1925(b) statement for Mr. Ramos' PCRA appeal. ECF 14-5 at 2-3. Neither did Mr. Ramos, in his *pro se* 1925(b) statement. *Id.* at 1-2.

address whether *Martinez* applies to excuse Mr. Ramos' procedural default of the ineffectiveness claim based on the reasonable doubt instruction. I will also direct the Commonwealth to file a supplemental response to the Petitioner's reply.

An Order will issue in accordance with this Memorandum Opinion.


**BY THE COURT:**


*_s/Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**