IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN RAMOS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 19-666** |
| | : | |
| **ROBERT MARSH**, *et al.* | : | |

# ORDER

**AND NOW**, this 14th day of December 2020, following our careful and independent consideration of the Petition for writ of habeas corpus (ECF Doc. No. 1), the Commonwealth's Opposition (ECF Doc. No. 14), Petitioner's counseled Reply (ECF Doc. No. 21), the Commonwealth's supplemental Response (ECF Doc. No. 28), and following our independent review of the comprehensive Report and Recommendation of Judge Lloret (ECF Doc. No. 29), and with no objection to the Report and Recommendation and independently finding it cannot be definitively determined from the trial record of the Petitioner not being prejudiced by his attorney's failure to object to the trial judge's reasonable doubt instruction and the Petitioner's post-conviction counsel failed to properly raise this claim in the state court, we find the Petitioner's claim of prejudice by his counsel's failure to object to the reasonable doubt instruction should be granted and he be afforded a new trial in the state court as the reasonable doubt instruction affected all counts in the conviction and the retrial should be to all counts for which the jury originally convicted the Petitioner, and without objection, it is **ORDERED**:

1. We **APPROVE** and **ADOPT** Judge Lloret's uncontested Report and Recommendation (ECF Doc. No. 28);

2. We **GRANT in part** the Petition for writ of habeas corpus as to the Petitioner's claim of trial and Post Conviction Relief Act counsel being ineffective in failing to raise and

litigate the federal due process and Sixth Amendment issues concerning the deficiencies in the reasonable doubt jury instruction;

3. We **STAY** the writ of execution to **June 14, 2021** to allow the Commonwealth to commence a new trial on all counts of conviction as all counts need to be retried given the defective reasonable doubt instruction compromised all counts of conviction and if the Commonwealth does not commence trial before June 14, 2021, the writ of habeas corpus shall issue and the Commonwealth shall vacate the Petitioner's conviction;

4. We **DENY** the Petitioner's remaining claims;

5. We **DENY** a certificate of appealability on Petitioner's remaining claims as the Petitioner has not made a substantial showing of reasonable jurists finding our assessment of the constitutional claims debatable are wrong;[1] and,

6. The Clerk of Court shall **close** this case.

_____
KEARNEY, J.

---

[1] *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).